UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALVIN JEROME MOORE,

       Plaintiff,

                                  Case No. 2:11-cv-345

v.                                    HON. GORDON J. QUIST

R. CHEATHAM, et al.,

       Defendants.

_____/


## REPORT AND RECOMMENDATION

       Plaintiff prisoner Calvin Jerome Moore claims that defendants acted with deliberate indifference in providing medical care to plaintiff.  Plaintiff's complaint asserts that he did not receive proper medical care when he complained of blood in his urine and pain.  Plaintiff has filed a motion for an injunction asking the court to order defendants to stop denying him medical care. Plaintiff explains that he was denied medical care for a swollen knee.  Plaintiff requests that the court order defendants to treat his knee and to stop retaliating against him.

       Plaintiff's motion indicates that he was seen by Dr. Behjanen on April 11, 2012, concerning his knee pain.  Plaintiff claims that he was told that an orthopedic consultation request would be made.  On April 16, 2012, plaintiff was transferred to Baraga Maximum Correctional Facility.   Plaintiff felt that he could not be transferred when he was not yet medically cleared. Plaintiff states that defendant James assured him that he was cleared for transfer referring to him as a "trouble maker."  On April 19, 2012, plaintiff was seen by a doctor who informed him that the orthopedic request was denied and that plaintiff needed an MRI. Plaintiff sought information

regarding the outcome of the MRI request and expressed his concerns about the pain in his knee. Plaintiff was told that he was scheduled for a chart review, which plaintiff believes was an unacceptable response to his request.  Plaintiff states that he filed a grievance on May 9, 2012.  On May 19, 2012, nurse supervisor K. Karr told plaintiff that he did not have anything coming and the doctor would not order anything for him.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

> 1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2.  Whether the movant has shown irreparable injury.
>
> 3.  Whether the preliminary injunction could harm third parties.
>
> 4.  Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*,

596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights.  Plaintiff's claim for injunctive relief appears to be based upon a separate cause of action not related to the concerns expressed in plaintiff's underlying complaint, which occurred at a different prison.  Plaintiff is now incarcerated at the Baraga Maximum Correctional facility and requests that the court order unspecified individuals to provide him with medical care.  Plaintiff has failed to name which defendants he wants to provide him with medical care.  Moreover, plaintiff has presented no objective evidence other than his own complaints that he suffers with a serious medical need.  Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

- 3 -

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion (Docket #81) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley                          
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  June 15, 2012