UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALVIN JEROME MOORE,

        Plaintiff,

v.

R. CHEATHAM, et al.,

        Defendants.

_____/

Case No. 2:11-CV-345

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 24, 2013, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) (docket no. 113) recommending that this Court grant Defendants' Motions for Summary Judgment[1] (docket nos. 41 & 90) and dismiss the case. Plaintiff has filed a timely Objection to the R & R. When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the case dismissed.

### I. BACKGROUND

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The alleged events occurred while Plaintiff was housed at Alger Correctional Facility. Plaintiff asserts that Defendants violated his First, Eighth, and Fourteenth Amendment rights by failing to provide Plaintiff with adequate medical care and retaliating against Plaintiff for filing grievances related to

---

[1] The magistrate judge in his R & R noted that Defendants Crompton, Frontera, and Tyree in their Motion to Dismiss "rely on exhibits beyond the allegations in the complaint," so the magistrate judge construed the motion as a motion for summary judgment. (Docket no. 113, Page ID 1628.) This Court will do the same. *See* Fed. R. Civ. P. 12(d).

inadequate medical care. On March 14, 2012, Defendants Cheatham, Galloway, James, and Phillipson filed a Motion for Summary Judgment (docket no. 41), arguing that Plaintiff's claims are barred by the statute of limitations and that their conduct did not violate Plaintiff's constitutional rights. On June 18, 2012, Defendants Crompton, Frontera, and Tyree filed a Motion to Dismiss (docket no. 90), arguing that Plaintiff failed to exhaust his available administrative remedies, Plaintiff's claims are barred by the statute of limitations, and the claims lack merit.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

In deciding a motion for summary judgment, a court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010).

## B. Plaintiff's Objections

*Objection 1: Exhaustion*

The Court discerns four arguments from Plaintiff's Objection (docket no. 114). First, Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to exhaust his administrative remedies. To support that he exhausted his available remedies, Plaintiff refers the Court to the same grievance forms that were before the magistrate judge. In his R & R, the magistrate judge reviewed the four grievances pertinent to Defendants Frontera, Crompton, and Tyree, and concluded that Plaintiff *did* exhaust his available remedies with respect to his Eighth Amendment claims against Crompton and Frontera, but did not exhaust his retaliation claims against Crompton or Frontera, nor any claims against Tyree. Because Plaintiff offers no further evidence that he exhausted his available remedies, and the Court finding no error with the magistrate judge's interpretation of the evidence, the Court will overrule Plaintiff's first objection.

*Objection 2: Statute of Limitations*

Plaintiff next objects to the magistrate judge's conclusion that some of Plaintiff claims—those that accrued prior to September 13, 2008—are time-barred. Although Plaintiff appears to agree that the pertinent statute of limitations is Michigan's three-year statute of limitations for personal injury claims, Plaintiff appears to disagree that his Eighth Amendment claim is time-barred because he did not have knowledge of the extent of his injury until December 2008.

The Court notes that the magistrate judge did not explicitly conclude that Plaintiff's Eighth Amendment claim was time-barred, only that claims that accrued prior to September 13, 2008 would be time-barred. Even if this Court were to find that Plaintiff's Eighth Amendment claim was not time-barred, the Court would still need to determine whether Plaintiff's Eighth Amendment claim

3

survives a motion for summary judgment on the merits. In light of the Court's analysis on the merits below, the Court will overrule Plaintiff's objection.

*Objection 3: Eighth Amendment: Deliberate Indifference*

Plaintiff also objects that he has provided sufficient evidence to establish a genuine issue of fact regarding whether Defendants violated Plaintiff's Eighth Amendment right by failing to provide adequate medical care. The magistrate judge concluded that only Plaintiff's claim against Phillipson is a denial of care claim; the other claims are inadequate medical care claims. Because Plaintiff was regularly seen by medical professionals and treated for his condition, and absent proof of a "sufficiently culpable state of mind" by Defendants in denying medical care, *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000), the magistrate judge concluded that Plaintiff's claim for failure to provide adequate medical care could not survive a motion for summary judgment. Regarding denial of care by Phillipson, the magistrate judge concluded that Phillipson is entitled to summary judgment. Plaintiff has not objected to that conclusion, nor does the Court discern sufficient grounds for objection. Upon *de novo* review, because the Court finds that Plaintiff has failed to produce evidence of deliberate indifference by Defendants of Plaintiff's serious medical needs, *Estelle v. Gamble*, 429 U.S. 102, 104, 97 S. Ct. 285, 291 (1976), the Court must grant summary judgment in favor of Defendants. Plaintiff's objection will be overruled.

*Objection 4: Fourteenth Amendment Claim*

Finally, Plaintiff objects that the magistrate judge did not address Plaintiff's Fourteenth Amendment claim. In his Complaint, Plaintiff argues that his factual allegations amount to a violation of his First, Eighth, and Fourteenth Amendment rights. (Docket no. 1, Page ID 214.) However, Plaintiff offers no indication of the basis of his Fourteenth Amendment claim. Reading Plaintiff's pro se Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596

4

(1972), the Court interprets Plaintiff's Fourteenth Amendment claim as a substantive due process claim. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 813 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989)). Here, the magistrate judge correctly analyzed Plaintiff's claim as an Eighth Amendment medical claim. The Court will overrule Plaintiff's objection.

Finding no other objections, the Court will adopt the R & R as the opinion of the Court. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 113) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (docket nos. 41 & 90) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection to the Report and Recommendation (docket no. 114) is **OVERRULED**.

A separate judgment will issue.

This case is concluded.


Dated: February 25, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE