UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CALVIN JEROME MOORE,

        Plaintiff,

v.

                                              Case No. 2:11-CV-345

R. CHEATHAM, et al.,                       HON. GORDON J. QUIST

        Defendants.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiff, Calvin Moore, has filed Objections to  Magistrate Judge Timothy P. Greeley's

April 9, 2015 Report and Recommendation (R & R) recommending that the Court grant Defendant

Dr. Robert Crompton, M.D.'s motion for summary judgment.  Pursuant to 28 U.S.C. § 636(b)(1),

upon receiving objections to a report and recommendation, the district judge "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to

which objection is made."  After conducting a *de novo* review of the R & R, Plaintiff's Objections,

and the pertinent portions of the record, the Court concludes that the R & R should be rejected and

Defendant Crompton's motion should be denied.

Moore, a state prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant

Crompton and others alleging that they violated Moore's Eighth Amendment rights by denying him

proper medical care and violated Moore's First Amendment rights by retaliating against him for

complaining about inadequate medical care while he was confined a the Alger Maximum

Correctional Facility.  On March 14, 2012, Defendants Cheatham, Galloway, James and Phillipson

filed a motion for summary judgment in which they argued that some of Moore's claims were barred

by the statute of limitations and that their conduct did not violate Moore's rights.  On June 18, 2012, Defendants Crompton, Frontera, and Tyree filed a motion to dismiss, arguing that Moore's claims are subject to dismissal for lack of exhaustion, because they are barred by the statute of limitations, and because they lack merit.  On January 24, 2013, Magistrate Judge Greeley issued a Report and Recommendation recommending that the Court grant Defendants' motions and that the case be dismissed in its entirety.  (Dkt. # 113.)  On February 25, 2013, the Court issued an Order Adopting Report and Recommendation and entered judgment for Defendants.  (Dkt. ## 116, 117.)

Plaintiff filed a notice of appeal with the Sixth Circuit.  On January 13, 2014, the Sixth Circuit issued an order concluding that this Court correctly concluded that the statute of limitations barred Moore's claims that accrued prior to September 13, 2008, that Moore failed to exhaust all of his claims against Defendant Tyree and his retaliation claims against Defendants Frontera and Crompton, that all of Moore's other retaliation claims failed on the merits, and that Moore's Fourteenth Amendment claims were properly dismissed.  (Dkt. # 127 at Page ID##1732–33, 1735.)  As for Moore's Eighth Amendment claim, however, the Sixth Circuit concluded that Moore presented sufficient evidence to survive summary judgment:

> Moore produced evidence that he had a serious medical need [a severe hydrocele], given that the urologist diagnosed Moore's condition as mandating treatment and, in any event, a testicle swollen to the size of a volleyball, or even a grapefruit, is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Blackmore*, 390 F.3d at 897.  Moore also provided evidence, in the form of his verified complaint, that jail staff purposefully interfered with the prescribed medical treatment plan from the hospital and that he was deprived of medical care between the time he returned to prison on December 1 until December 10, when he was taken to the hospital in extreme pain.  Although the defendants dispute the accuracy of this evidence with medical records and affidavits, we must view the evidence in the light most favorable to Moore at this stage of the proceedings.  The defendants do not suggest that they were unaware of the doctor's orders or Moore's pain and requests for health services.  Given the severity of Moore's condition, a refusal to provide medication and timely treatment could lead a reasonable trier of fact to conclude that prison officials exposed Moore to "undue suffering or the threat of tangible residual injury."  *Westlake v. Lucas*, 537 F.2d 857,

2

860 (6th Cir. 1976); *see also Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009). Summary judgment on Moore's Eighth Amendment claims accruing after September 13, 2008, was not appropriate.

(*Id.* at Page ID#1734.)

On March 5, 2015, Defendant Crompton filed a motion for summary judgment, in which he argued that there is insufficient evidence that Crompton was deliberately indifferent to Moore's serious medical needs. In support of his motion, Crompton argued that he was not responsible for Moore's medical care during December 2008—the timeframe the Sixth Circuit focused on when it reversed the dismissal of the claims against Defendant Crompton and others. Defendant Crompton argued that the evidence, including Moore's medical records, showed that he treated Moore only on one occasion—November 4, 2008—and that such treatment had nothing to do with Moore's hydrocele. Moore filed a response to Defendant Crompton's motion and also filed an affidavit in support of his response. (Dkt. ## 172, 177.)

In his R & R, the magistrate judge observed that, in its order reversing the grant of summary judgment on Moore's Eighth Amendment claim, the Sixth Circuit was not limiting Moore's Eighth Amendment claim to the period after December 1, 2008. Rather, the magistrate judge observed, the Sixth Circuit recognized that Moore had a viable Eighth Amendment claim for events occurring after September 13, 2008. Nonetheless, the magistrate judge noted that Moore could survive summary judgment only if he presented evidence showing that Defendant Crompton was deliberately indifferent to Moore's complaints of pain and that Defendant Crompton knew or should have known about the hydrocele complications. (Dkt. # 184 at Page ID#2448.) The magistrate judge concluded that Moore failed to present such evidence because the medical record from the November 4, 2008 examination shows that Defendant Crompton did not examine Moore with regard to issues concerning the hydrocele and, because Defendant Crompton was a visiting physician, he

had not previously examined Moore and was unfamiliar with Moore's medical history. The magistrate judge also observed that although Moore asserted that Defendant Crompton examined him on November 25, there was no medical record documenting such an examination. (*Id.* at 2448–49.)

Although Moore's Objections are lengthy, his Objections boil down to two points. First, Moore contends that at the time Defendant Crompton filed his motion, he had not answered Moore's outstanding discovery requests, rendering summary judgment on Moore's Eighth Amendment claim premature. Second, Moore asserts that he stated in his verified complaint that Defendant Crompton saw him on or around November 25, 2008, at which time Moore informed Defendant Crompton that he was experiencing a burning sensation in his left scrotal sac, but Defendant Crompton refused to provide medical treatment.

With regard to Moore's outstanding discovery, the Court notes that subsequent to the issuance of the R & R, the magistrate judge granted Moore's motion to compel, in part, requiring Defendant Crompton to "fully and completely answer [Moore's] Interrogatory #7 within 10 days from the date of this order." (Dkt. # 208 at Page ID#2579.) Interrogatory #7 asks Defendant Crompton about whether he was assigned to cover segregation units at Alger Correctional Facility on or around November 25, 2008. (*Id.* at Page ID##2578–79.) It appears that Defendant Crompton provided a supplemental answer, as the magistrate judge ordered, but it is not clear whether Defendant Crompton fully complied with the magistrate judge's order, as Moore has since filed another motion to compel complaining that Defendant Crompton failed to fully and completely answer Interrogatory #7. (Dkt. # 218.) That motion remains pending.

Regardless of whether Defendant Crompton's discovery answers provide evidence supporting Moore's claim against Defendant Crompton, in the Court's judgment, Defendant

4

Crompton is not entitled to summary judgment because Moore has presented sufficient evidence to create a triable issue of fact as to whether Defendant Crompton examined Moore on or about November 25, 2008 and was deliberately indifferent to Moore's serious medical needs arising from the hydrocele.  In his verified complaint, Moore alleges:

> On, [sic] 11-25-08, I had a healthcare visit, I had expressed to Dr. Crompton that there was a really bad burning sensation in my left scrotal-sac, after my repeated request that a MRI be taken to find out what was causing this numbness and groin pains, he then stated I'm not ordering any x-rays or anything else and by the way, "you might want to filed [sic] another grievance, like that will make me order something, you could leave, he told custody staffs to remove me from the clinic area.

(Dkt. # 1 at Page ID#158.)  Moore's factual statements in his verified complaint "carr[y] the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).  Moore repeats these allegations in the declaration that he submitted in response to Defendant Crompton's motion. (Dkt. # 177 at Page ID##2408–09.)  Although the magistrate judge correctly noted that there are no medical records confirming Moore's allegation that Defendant Crompton saw Moore on or about November 25, 2008, such records are not required because Moore's own statements suffice to create an issue for the jury.  Had Defendant Crompton supported his motion with records showing that he did not work at the Alger Correctional Facility at any time on or around November 25, 2008, the Court might be inclined to conclude that Moore's allegations are clearly contradicted by the documentary evidence, such that no reasonable juror could find for Moore.  *See Studnicka v. Pinheiro*, No. 05-723 (JRT/FLN), 2008 WL 611605, at *3 (D. Minn. Mar. 5, 2008) (rejecting the defendants' argument that the plaintiff's version of the facts was contradicted by the medical record because the plaintiff's affidavit "clearly state[d] that he did not consent to the radial neck dissection").  However, this is not a case in which Moore's version is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct.

5

1769, 1776 (2007).  In short, as the Sixth Circuit observed, at this point the Court must accept Moore's testimony, even if it unsupported by Moore's medical records.  (Dkt. # 127 at Page ID#1734.)

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued April 19, 2015 (dkt. # 184) is **REJECTED** .

**IT IS FURTHER ORDERED** that Defendant Crompton's Motion for Summary Judgment (dkt. # 164) is **DENIED**.


Dated:  August 11, 2015                                 _____/s/ Gordon J. Quist_____
                                                                             GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE